# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DES L. MANN,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. C14-2021-LTS<br><br>***ORDER REGARDING PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEY FEES*** |

## I. INTRODUCTION

This matter is before me on plaintiff's application (Doc. No. 18) for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On April 23, 2015, I entered an order (Doc. No. 16) that reversed and remanded the decision of the Commissioner of Social Security (Commissioner). Plaintiff now requests an award of attorney fees in the amount of $5,138.80, representing (a) 19.7 hours of attorney work at a rate of $188.51 per hour in 2014, (b) 1.3 hours of attorney work at a rate of $189.30 per hour in 2015 and (c) 13.1 hours of legal assistant work at a rate of $90 per hour. She has submitted an affidavit and other materials in support of her motion.

The Commissioner has filed a response (Doc. No. 19) stating that she has no objection to entry of an EAJA award in the amount of $5,138.80, to be paid by the Social Security Administration, but notes that the award is payable to plaintiff, not to plaintiff's counsel, and is therefore subject to offset to satisfy any pre-existing debt plaintiff may owe to the United States. Doc. No. 19 at 1 (citing *Astrue v. Ratliff*, 560 U.S. 586 (2010)).

## II. DISCUSSION

*A.    Legal Standards*

Attorney fees may be awarded to a "prevailing party" in a Social Security appeal under EAJA.  28 U.S.C. § 2412(d).  The statute provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust.

*Id*. § 2412(d)(1)(A) (emphasis added).  The Eighth Circuit Court of Appeals has had little occasion to elaborate on what constitutes "special circumstances."  *See Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir. 1993) (looking to see whether special circumstances make an award unjust, and finding none, but stating "the denial of fees to counsel whose efforts brought about the Secretary's change of position is unjust").  The Eighth Circuit has, however, specifically addressed when a position is "substantially justified."  *See, e.g.*, *Lauer v. Barnhart*, 321 F.3d 762, 764-65 (8th Cir. 2003); *Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984).

> A position enjoys substantial justification if it has a clearly reasonable basis in law and fact.  Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact.  Further, a loss on the merits by the Commissioner does not give rise to a presumption that [he or] she lacked substantial justification for [his or] her position.  The Commissioner does, however, at all times bear the burden to prove substantial justification.

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005) (citations omitted); *see Lauer*, 321 F.3d at 765 (recognizing "the overriding, fundamental principal [sic] that the

government's position must be well founded in fact to be substantially justified"); *Sawyers v. Shalala*, 990 F.2d 1033, 1034 (8th Cir. 1993) ("To be substantially justified, the [Commissioner] must show that her position was 'justified to a degree that could satisfy a reasonable person.'" (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))).

To obtain an EAJA award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). However, "the provision's 30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional,'" but instead are "ancillary to the judgment of a court." *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004). The government may waive this requirement because it is present to protect the government's interests. *See Vasquez v. Barnhart*, 459 F. Supp. 2d 835, 836 (N.D. Iowa 2006).

If attorney fees are appropriate, the reasonable hourly rate for such fees is established by statute as follows:

> [A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that, "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [the applicable statutory amount at the time], enhanced fees should be awarded"). Further, "[f]ees and other expenses awarded under [subsection (d)] to a party shall be paid by any agency [(the Social Security Administration)] over which the party prevails from any funds made available to the agency by appropriation or otherwise." 28 U.S.C. § 2412(d)(4). Under § 2412(d), attorney fees are payable to the litigant, not directly to the litigant's attorney. *Ratliff*, 560 U.S. at 591-94.

*B.     Analysis*

I find plaintiff is a "prevailing party," and the Commissioner, by not objecting to the payment of the requested award, has not shown either "substantial[] justi[fication]" or "special circumstances" to preclude an award of reasonable attorney fees and costs. 28 U.S.C. § 2412(d)(1)(A). I further find plaintiff has established that the hourly rates she requests for attorney and paralegal time are permissible pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii)[1] and that the total hours requested are reasonable. Thus, I find plaintiff's request for an award of fees to be reasonable and appropriate. Plaintiff is entitled to an EAJA award in the amount of $5,138.80, to be paid by the Social Security Administration. That award shall be made payable to plaintiff, not to plaintiff's counsel.

While plaintiff acknowledges that the award must be made payable to her, she requests that it be delivered to her attorney after the offset of any pre-existing debt plaintiff may owe to the United States. Doc. No. 18. This court has previously found that such a request is appropriate if it is consistent with the Commissioner's and the Department of Treasury's practice. *Kunik v. Colvin,* No. C13–3025–LTS, 2014 WL 1883804, at *3 (N.D. Iowa May 12, 2014); *Tracy v. Colvin,* No. C11–3072–MWB, 2013 WL 1213125, at *2 (N.D. Iowa Mar. 25, 2013).

### III.     CONCLUSION

Based on the foregoing, plaintiff's application (Doc. No. 18) for an award of attorney fees under the Equal Access to Justice Act is **granted**. Plaintiff is hereby awarded attorney fees in the amount of **$5,138.80**, to be paid by the Social Security Administration. If consistent with the Commissioner's and the Department of

---

[1] Plaintiff has demonstrated, by affidavit and other evidence, that an increase in the cost of living justifies hourly rates in excess of $125.

Treasury's practice, the EAJA payment may be mailed to plaintiff's attorney, Thomas A. Krause.

**IT IS SO ORDERED.**

**DATED** this 16th day of July, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE